ESTATE OF ARTHUR H. SQUIER, DECEASED, NATIONAL STATE BANK OF NEWARK, EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 75848.    Filed March 16, 1961.

*Benjamin Alpert, Esq.*, for the petitioner.
*Chapman H. Belew, Jr., Esq.*, for the respondent.

952

OPINION.

Raum, *Judge:* The contentions of the parties have revolved largely around the applicability of our recent decision in *Thomas G. Lewis,* 35 T.C. 71.

We are satisfied that had this case arisen under section 115(g) of the 1939 Code, rather than under section 302 of the 1954 Code, the redemptions herein would not be treated as essentially equivalent to the distribution of a taxable dividend. Does the 1954 Code require a different result here? In the *Lewis* case we found that the 1954 Code did call for a holding that the redemption there considered was essentially equivalent to a taxable dividend. Our conclusion was based to a significant extent upon the fact that when the attribution rules of section 318 were applied the estate in that case would have to be treated as the sole owner of 100 percent of the corporate stock, and that an appraisal of the record facts upon that assumption called for a finding that the redemption was essentially equivalent to a taxable dividend.

We do not reach the same conclusion on this record, even after applying the attribution rules of section 318. In this case, a substantial minority interest, not covered by the attribution rules, was held by Otto Schilling, and it rose from 36.70 percent before the redemptions in controversy to 43.18 percent thereafter. Moreover, the record herein reveals a sharp cleavage between the executor and members of the Squier family, and in spite of the attribution rules as to stock "ownership," the redemptions herein in fact resulted in a

crucial reduction of the estate's *control* over the corporation. Accordingly, notwithstanding the attribution rules, the redemptions in this case did result in a substantial dislocation of relative stockholdings in the corporation and also in fact brought about a significant change in control. We think these circumstances serve to distinguish the *Lewis* case. In addition, there are certain other considerations which to some degree further differentiate this case from *Lewis*. Thus, unlike the *Lewis* case where there was a history of failure to pay dividends over a long period, the corporation in the present case had annually declared a dividend (albeit a conservative one) for a number of years prior to the redemptions. Moreover, the redemptions herein did not result in a pro rata distribution since Otto Schilling's large minority interest received nothing—a circumstance that was absent in the *Lewis* case upon application of the attribution rules. Taking the entire record into account we are satisfied that even after applying the attribution rules here the redemptions in controversy were not essentially equivalent to the distribution of a taxable dividend.

*Decision will be entered for the petitioner.*